IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-CV-00255

**LAURENCE COTMAN,**

**Plaintiff,**

**v.**

**UNIVERSITY OF FLORIDA**

**Defendant.**

_____/

## VERIFIED COMPLAINT
### NATURE OF ACTION

Plaintiff, LAURENCE COTMAN ("Mr. Cotman" or "Plaintiff") by and through his undersigned attorney, **sue** Defendant **University of Florida** ("Defendant") for damages in excess of $ 75, 000 for violations of his civil rights occurring during his employment relationship with Defendant.  Plaintiff sue Defendant under Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. Section 2000e *et seq*. ("Title VII"), the Civil Rights Act of 1871, as amended, and the Florida Civil Rights Act of 1992, Section 760.01 *et seq.,* Florida Statutes  ("FCRA").

### JURISDICTION AND VENUE

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337 and 1343.  This action arises under 42 U.S.C. Sections 2000e *et seq.*.

2. This Court has supplemental jurisdiction over Plaintiffs state law claims pursuant to 28 U.S.C. Section 1367.

3. Plaintiff has exhausted his administrative remedies.

1

Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and on or about October 2019, the Plaintiff received the right to sue letter.

4. All conditions precedent to institution of this action by Plaintiff have been fulfilled.

5. Pursuant to 28 U.S.C. Section 1391, venue of this action is proper in the Northern District of Florida because all of the alleged unlawful acts complained of herein occurred in Northern District of Florida.

## PARTIES

6. At all times material hereto, Defendant continuously has been doing business in the State of Florida and the City of Gainesville, and continuously has had at least 15 employees. At all times material hereto, Defendant continuously has been an employer engaged in an industry effecting commerce within the meaning of Title VII and the Florida Civil Rights Act. *See* 42 U.S.C. Section 2003 *et seq*., and Section 760.02(7), Florida Statutes.

7. Plaintiff is a natural person whose national origin is Haitian and now is residing in Alachua, County, Florida. At all times material hereto, Plaintiff was employed by Defendant during the alleged facts as set forth in this Complaint

## FACTUAL ALLEGATIONS AS PERTAINING TO PLAINTIFF REGARDING THE HOSTILE ENVIRONMENT

8. The Plaintiff suffered a hostile work environment at the hands of Management and Supervisors. That comments were made directly to the Plaintiff by Defendant employees, and to others about the Plaintiff, such as: employee, Jason Stewart ("Stewart"), and Vincent Grimm ("Grimm"),

Plaintiff was subjected as follows:

  A) Stewart used his position to threaten the Plaintiff with firing due to his national origin and using his Haitian origin as a basis in

treatment of Plaintiff;

  B) Stewart and Grimm subjected the Plaintiff to a hostile work environment with insults relating to his national origin, and

using that for assignments which were not given to others;

  C) Grievances were filed as direct retaliation of complaints Plaintiff made to Management.

9. The hostile work environment continued until present.

10. These words of hostility caused severe emotional distress of the Plaintiff; which

caused him to lose sleep and other physical problems suffered and continues to suffer.

### FACTUAL ALLEGATIONS AS PERTAINING TO PLAINTIFF REGARDING THE DISPARATE TREATMENT OF THE PLAINTIFF

11. The Plaintiff was not given access to the following equipment:

  a) Controls of the AC units
  b) Vacuum Pumps
  c) Scales
  d) Micrometer

These employees were given access, name and race (and national origin):

  Doug Mason (White Male)
  George Kehnan (White Male)
  Andrew Phelps (White Male)
  Mathew Brillhart (White Male)

12.   Comparators were given the opportunity to use equipment, but Plaintiff was not causing hardship.

13. The Plaintiff has suffered and continuous to suffer emotional distress and damages as a result of these intentional discriminatory practices of the Defendant.

14.   That the Plaintiff is responsible for the reasonable attorney fees to the undersigned.

**COUNT I**
**DEFENDANT HAS VIOLATED TITLE VII**
**(Disparate Treatment)**

**15.**   Plaintiff adopts and realleges paragraphs **1-14** above as if <u>incorporated herein</u>.

16.   Plaintiff is a member of a protected class because of his national origin.

17.   The Defendant is an employer that employs over 50 people, and is subject to 42 U.S.C. Section 2000e <u>et</u> <u>seq</u>.

18.   That the Plaintiff throughout their tenure with Defendant suffered disparate treatment in the terms and conditions of his employment from being denied use of equipment as described above in paragraphs  due his national origin.

19.    That his comparators were able to use equipment, this  disparity as described above paragraphs 12-15 above.

20. The effect of the actions complained of as aforementioned has been to deprive the Plaintiff of equal employment opportunities, and otherwise to adversely affect his status as employees because of his national origin.

21.   The unlawful employment practices complained of were intentional.

22.    As a direct and proximate result of Defendant's unlawful employment practices, the Plaintiff was emotionally harmed, suffered, and will continue to suffer, **a loss of wages and other employment benefits** a loss of earning capacity, damages to his professional reputation, a

4

loss of dignity, a loss of the enjoyment of life, embarrassment, humiliation, and other forms of mental anguish and distress.

Wherefore, Plaintiff requests this Court issue an order against Defendant awarding the Plaintiff compensatory damages, lost back pay, attorney's fees and costs, together with such other relief as this Court deems just and proper.

## COUNT II
## DEFENDANT HAS VIOLATED TITLE VII
### (Hostile Environment)

23. Plaintiff adopts and realleges paragraphs 1-15 above as if incorporated herein.

24. Defendant discriminated against the Plaintiff because of his national origin and created a hostile work environment as described in above paragraphs by creating, tolerating and fostering a hostile work environment.

25. The Plaintiff was subject to numerous national origin based derogatory comments, and other abusive disciplinary actions based upon his national origin.

26. The Plaintiff is a member of protected class. That the Plaintiff repeatedly complained to management about the unwelcome harassment, but management and supervisors took no steps to abate the harassment, and only continued the discrimination against him.

27. The Plaintiff suffered severe and pervasive hostile environment to affect the terms and conditions of Plaintiff employment, and to create an intimidating, hostile, and offensive work environment in violation of Section 703(a) of Title VII, 42 U.S.C. Section 2000e-2(a).

28. The effect of the actions complained of as aforementioned has been to deprive the Plaintiff of equal employment opportunities, and otherwise to adversely affect his status as employees because of his national origin.

29. The unlawful employment practices complained of were intentional.

30. The unlawful employment practices against the Plaintiff were done with malice or reckless indifference to the Plaintiff's federally protected rights.

31. As a direct and proximate result of Defendant's unlawful employment practices, the Plaintiff was emotionally harmed, suffered, and will continue to suffer, a loss of wages and other employment benefits, a loss of earning capacity damages to his professional reputation, a loss of dignity, a loss of the enjoyment of life, embarrassment, humiliation, and other forms of mental anguish and distress.

Wherefore, Plaintiff requests this Court issue an order against Defendant awarding the Plaintiff compensatory damages, lost back pay, attorney's fees and costs, together with such other relief as this Court deems just and proper.

**COUNT III**

**CLAIM OF DISPARATE TREATMENT
IN VIOLATION OF THE FLORIDA
CIVIL RIGHTS ACT**

32. Plaintiff adopts and realleges paragraphs <u>1-15</u> above as if <u>incorporated herein</u>.

33. Defendant discriminated against Plaintiff because of his national origin, in violation of the FCRA, by creating, tolerating and fostering a race hostile and abusive work environment and disparate treatment.

34. That the Plaintiff suffered disparate treatment in the terms and conditions of his employment and a hostile work environment as described above paragraphs.

35. The aforementioned unwelcome harassment comments were sufficiently severe and pervasive to affect the terms and conditions of Plaintiff employment, and to create an intimidating, hostile, and offensive work environment in violation of FCRA, Section 760.10, Florida Statutes.

36. The effect of the actions complained of as aforementioned has been to deprive the Plaintiff of equal employment opportunities, and otherwise to adversely affect his status as employee because of his national origin in violation of FCRA.

37. The unlawful employment practices against the Plaintiff were done with malice or reckless indifference to the Plaintiff's freedom from discrimination within the State of Florida.

38. As a direct and proximate result of Defendant's unlawful employment practices, the Plaintiff was emotionally harmed, suffered, and will continue to suffer, a loss of wages and other employment benefits, a loss of earning capacity, damages to his professional reputation, a loss of dignity, a loss of the enjoyment of life, embarrassment, humiliation, and other forms of mental anguish and distress.

Wherefore, Plaintiff requests this Court issue an order against Defendant awarding the Plaintiff compensatory damages, , attorney's fees and costs, together with such other relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demand a trial by jury on all issues triable of rights by a jury.

Respectfully submitted,

Discrimination Law Center, P.A.
Attorney for Plaintiff
2255 Glades Road
Suite 324A
Boca Raton, Florida 33431
(561) 271-1769 tel.

By:   /s/ *Jay F. Romano*
         Jay F. Romano
         Trial Attorney

                                                              Florida Bar No.: 0934097

**VERIFICATION OF DOCUMENT**

UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING VERIFIED COMPLAINT TO THE
AND THAT THE FACTS STATED ARE TRUE AND CORRECT.


_____
Plaintiff