UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

LAURENCE COTMAN,

    Plaintiff,

v.                                             Case No.: 1:19-cv-00255-AW-GRJ

THE UNIVERSITY OF FLORIDA
BOARD OF TRUSTEEES,

    Defendant.
_____/

## DEFENDANT'S MOTION TO DISMISS
## PLAINTIFF'S SECOND AMENDED VERIFIED COMPLAINT

Defendant, the University of Florida Board of Trustees (the "University"), pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves the Court for an order dismissing Plaintiff's Second Amended Verified Complaint ("Complaint"). In support thereof, Defendant states as follows:

Plaintiff's Complaint should be dismissed because Plaintiff fails to state a claim in both of the counts alleged. In Count I, Plaintiff attempts to state a claim for disparate treatment under Title VII of the Civil Rights Act of 1964 ("Title VII"), but fails to allege any facts to support an adverse employment action. Similarly, in Count II, Plaintiff includes no factual support for his conclusory allegations of hostile work environment under Title VII.

I.   **Plaintiff fails to state a claim for relief under Title VII**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This standard does not require detailed factual allegations, but "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Plaintiff must provide enough factual content to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Mere labels and conclusions will not suffice. *Twombly*, 550 U.S at 555. Plaintiff's allegations in both counts fall woefully short of this standard. Thus, Plaintiff's Complaint should be dismissed.

A.   **Count I – Plaintiff fails to state a claim for disparate treatment under Title VII**

To state a plausible claim for disparate treatment under Title VII, Plaintiff must allege that: "(1) [he] is a member of a protected class; (2) [he] was subjected to an adverse employment action; (3) [his] employer treated similarly situated employees outside of [his] protected class more favorably than [he] was treated; and (4) [he] was qualified to do the job." *Mars v. Urban Trust Bank*, No. 2:14-cv-54-FtM-29CM, 2014 WL 2155243, at *2 (M.D. Fla. May 22, 2014) (citing *Burke-Fowler v. Orange Cty., Fla.*, 447 F.3d 1319, 1323 (11th Cir. 2006)). Not all conduct by an employer that negatively affects an employee constitutes an adverse

employment action. *Brown v. Sybase, Inc.*, 287 F.Supp.2d 1330, 1339 (S.D. Fla. 2003). An adverse employment action is either "an ultimate employment decision, such as termination, failure to hire, or demotion" or "serious and material changes in the terms, conditions, or privileges of employment." *Mars v. Urban Trust Bank*, No. 2:14-cv-54-FtM-29CM, 2014 WL 2155243, at *2 (M.D. Fla. May 22, 2014) (citing *Hall v. DeKalb Cty. Gov't*, 503 F. App'x 781, 787 (11th Cir. 2013)); *Webb-Edwards v. Orange Cty Sheriff's Office*, 525 F.3d 1013, 1031 (11th Cir. 2008) ("A tangible employment action constitutes significant change in employment status such as hiring, firing, failing to promote, reassignment with different responsibilities or a decision causing a significant change in benefits.") Where Plaintiff has not alleged an adverse employment action, the Complaint must be dismissed. *Melendez v. Town of Bay Harbor Islands*, No. 14-22383, 2014 WL 6682535, at *5 (S.D. Fla. Nov. 25, 2014). In support of his claim for disparate treatment, Plaintiff merely alleges that he was not given access to certain equipment while others were.[1] This allegation does not rise to the level of an adverse employment action.

In *Mars v. Urban Trust Bank*, the Court dismissed a complaint that alleged the employee "was forced to use different office equipment, was sent home early on slow days while male employees were able to work out their shifts, was given shifts at the bottom of the shift pool, and was forced to sit in the back of the office while

---

[1] (Doc. 15) Second Amended Verified Complaint at 3-4.

{00375940 1}                                3

male employees sat in the front." 2014 WL 2155243, at *3. The Court found that these allegations did not constitute an adverse employment action because they did not amount to a serious and material change in the terms, conditions, and privileges of employment. *Id.; see also Brown*, 287 F.Supp.2d at 1341 (holding that unequal distribution of sales leads did not constitute an adverse employment action where there was no evidence this altered the terms and conditions of his employment); *Melendez*, 2014 WL 6682535, at *5 (holding that failure to provide suitable changing room facilities for female employees was not an adverse employment action where it was not an alteration of the terms and conditions of her employment). Similarly, Plaintiff's allegations that he was not given access to certain equipment do not amount to a serious and material change in the terms and conditions of his employment. Accordingly, Plaintiff's disparate treatment claim in Count I should be dismissed for failure to allege an adverse employment action. *Melendez*, 2014 WL 6682535, at *5.

### B. Count II - Plaintiff fails to state a claim for hostile work environment under Title VII

To properly allege hostile work environment, Plaintiff must state "(1) that he belongs to a protected group; (2) that he has been subject to unwelcome harassment; (3) that the harassment must have been based on a protected characteristic of the employee, such as national origin; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a

{00375940 1}                                                    4

discriminatorily abusive working environment; and (5) that the employer is responsible for such environment under either a theory of vicarious or direct liability." *Thompson v. City of Miami Beach, Fla.*, 990 F.Supp.2d 1335, 1339 (S.D. Fla. 2014) (citing *Miller v. Kentworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002)). Plaintiff's Complaint should be dismissed because it does not contain sufficient factual allegations to support the conclusory statements that the alleged harassment was severe and pervasive.

The severe and pervasive requirement has both objective and subjective components. *Id.* at 1339-40. Factors to consider in determining the harassment's objective severity include the frequency and severity of the conduct, whether the conduct is physically threatening or merely an offensive statement, and whether the conduct unreasonably interferes with Plaintiff's job performance. *Id.* at 1340.

In *Reed v. Dep't of Veterans Affairs*, this Court dismissed a complaint alleging hostile work environment because the complaint failed to set forth factual allegations to show that the Defendant's conduct was sufficiently pervasive and severe. No. 1:16-cv-142-MW-GRJ, 2017 WL 4399209, at *3 (N.D. Fla. Sep. 18, 2017). The Court found that the Complaint failed to provide specific information regarding who made the discriminatory comments, when they were made, how often they were made, or what was actually said. *Id.*; *Miller v. Fla. Hosp. Waterman*, No. 5:13-cv-249-Oc-10PRL, 2013 WL 5566063, at *2 (M.D. Fla. Oct. 8, 2013). Similarly,

Plaintiff's Complaint fails to provide any information regarding what was actually said, how often it was said, or in what context it was said. Plaintiff merely states that he was subjected to insults and the threat of termination based on his national origin and that grievances were filed against him.[2] These statements are conclusory and provide almost no factual information to allow the Court "to draw the reasonable inference that the defendant is liable for the conduct alleged." *Iqbal*, 556 U.S. at 678. Accordingly, Plaintiff has failed to establish that Defendant's conduct was sufficiently pervasive and severe to allege a hostile work environment under Title VII and this claim should be dismissed.

## V. Conclusion

For the foregoing reasons, Defendant requests that the Court dismiss Counts I and II of the Complaint.

## CERTIFICATION OF WORD COUNT

In accordance with Local Rule 7.1, I hereby certify that this document contains approximately 1398 words.

---

[2] (Doc. 15) Second Amended Verified Complaint at 3.

Dated this 24th day of February 2020.

                              Respectfully submitted,

                              ALEXANDER DEGANCE BARNETT P.A.

                              By: _____
                              Michelle Bedoya Barnett
                              Florida Bar No. 0823201
                              E-mail: michelle.barnett@adblegal.com
                              Samantha Giudici Berdecia
                              Florida Bar No. 0058667
                              E-mail: samantha.giudici@adblegal.com
                              E-mail: mailbox@adblegal.com
                              1500 Riverside Avenue
                              Jacksonville, FL 32204
                              (904) 345-3277 Telephone
                              (904) 345-3294 Facsimile

                              *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 24, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of this filing to Jay F. Romano, Discrimination Law Center, P.A., 2255 Glades Road, Suite 324A, Boca Raton, Florida 33431 (jromanopa@yahoo.com).

                              _____
                                        ATTORNEY