UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

LAURENCE COTMAN,

    Plaintiff,

v.                                                                          Case No.: 1:19-cv-00255-AW-GRJ

THE UNIVERSITY OF FLORIDA
BOARD OF TRUSTEES,

    Defendant.
_____/

## DEFENDANT'S MOTION TO DISMISS
## PLAINTIFF'S THIRD AMENDED VERIFIED COMPLAINT

Defendant, the University of Florida Board of Trustees (the "University"), pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves the Court for an order dismissing Plaintiff's Third Amended Verified Complaint ("Third Amended Complaint") with prejudice. In support thereof, Defendant states as follows:

Plaintiff's Third Amended Complaint should be dismissed because Plaintiff has again failed to state a claim in either of the counts alleged. In Count I, Plaintiff attempts to state a claim for disparate treatment under Title VII of the Civil Rights Act of 1964 ("Title VII") but continues to fail to allege any facts to establish an adverse employment action. Similarly, in Count II, Plaintiff has again failed to include any factual support for his conclusory allegations of hostile work environment under Title VII.

## I. Plaintiff fails to state a claim for relief under Title VII

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This standard does not require detailed factual allegations, but "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Plaintiff must provide enough factual content to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Mere labels and conclusions will not suffice. *Twombly*, 550 U.S at 555. Plaintiff's allegations in both counts continue to fall woefully short of this standard. Thus, Plaintiff's Third Amended Complaint should be dismissed with prejudice.

### A. Count I – Plaintiff fails to state a claim for disparate treatment under Title VII

To state a plausible claim for disparate treatment under Title VII, Plaintiff must allege that: "(1) [he] is a member of a protected class; (2) [he] was subjected to an adverse employment action; (3) [his] employer treated similarly situated employees outside of [his] protected class more favorably than [he] was treated; and (4) [he] was qualified to do the job." *Mars v. Urban Trust Bank*, No. 2:14-cv-54-FtM-29CM, 2014 WL 2155243, at *2 (M.D. Fla. May 22, 2014) (citing *Burke-Fowler v. Orange Cty., Fla.*, 447 F.3d 1319, 1323 (11th Cir. 2006)). "An adverse employment action is not only an element of the prima facie case, but an element of

the claim itself." *McCone v. Pitney Bowes, Inc.*, 582 F. App'x 798, 800 (11th Cir. 2014). Not all conduct by an employer that negatively affects an employee constitutes an adverse employment action. *Brown v. Sybase, Inc.*, 287 F. Supp. 2d 1330, 1339 (S.D. Fla. 2003). An adverse employment action is either "an ultimate employment decision, such as termination, failure to hire, or demotion" or "serious and material changes in the terms, conditions, or privileges of employment." *Mars v. Urban Trust Bank*, No. 2:14-cv-54-FtM-29CM, 2014 WL 2155243, at *2 (M.D. Fla. May 22, 2014) (citing *Hall v. DeKalb Cty. Gov't*, 503 F. App'x 781, 787 (11th Cir. 2013)); *Webb-Edwards v. Orange Cty Sheriff's Office*, 525 F.3d 1013, 1031 (11th Cir. 2008) ("A tangible employment action constitutes significant change in employment status such as hiring, firing, failing to promote, reassignment with different responsibilities or a decision causing a significant change in benefits.") Where Plaintiff has not alleged an adverse employment action, the complaint must be dismissed. *Melendez v. Town of Bay Harbor Islands*, No. 14-22383, 2014 WL 6682535, at *5 (S.D. Fla. Nov. 25, 2014).

In support of his claim for disparate treatment, Plaintiff alleges that he was not given access to certain equipment while others were.[1] Plaintiff amended the allegations to contain the conclusory statement that these tools are an "indispensable element of his job description" and that he requires them to identify maintenance

---

[1] (Doc. 21) Third Amended Verified Complaint at 3-4.

{00378789 2 }    3

risks.[2] Despite these amendments, Plaintiff has still not alleged sufficient ultimate facts to demonstrate that he has suffered an adverse employment action. Instead, Plaintiff simply pleads that due to the lack of tools he was unable to fulfill his job duties. Despite the amendment, Plaintiff's pleading still falls short of the required standard. *See Moses v. Danka Enters., Inc.*, No. 2:08-CV-0201-WCO-SSC, 2010 WL 11505700, at *8 (N.D. Ga. Jan. 22, 2010), *report and recommendation adopted*, No. 2:08-CV-0201-WCO-SSC, 2010 WL 11508714 (N.D. Ga. Feb. 25, 2010) (awarding summary judgment to the employer/defendant where the plaintiff alleged his lack of tools made it difficult to "meet productivity goals" but did not show that he was subjected to any disciplinary action, loss of pay, demotion or termination as the result of his difficulty); *Byrne v. Ala. Alcoholic Beverage Control Bd.*, 635 F. Supp. 2d 1281, 1294 (M.D. Ala. 2009) (holding removal of job tools where there was an absence of a tangible job consequence was not an adverse employment action); *Aviles v. Holder*, No. 1:07-CV-1702-GET-WEJ, 2009 WL 10699603, at *9 (N.D. Ga. May 15, 2009), *report and recommendation adopted*, No. 1:07-CV-01702-GET, 2009 WL 10699751 (N.D. Ga. June 17, 2009) (finding on summary judgment that "the lack of proper tools to complete an assignment, although inconvenient, does not rise to the level of a material adverse action."); *see also Cantrell v. Jay R. Smith Mfg. Co.*, 248 F. Supp. 2d 1126, 1137 (M.D. Ala. 2003)

---

[2] (Doc. 21) Third Amended Verified Complaint at 4.

{00378789 2 }                                        4

("the court refuses to find that lack of certain computer software or tools and training . . . constitutes a materially adverse employment condition"). Plaintiff has yet again failed to allege that his alleged lack of access to these tools constitutes an "ultimate employment decision" or "a serious and material change in the terms, conditions, or privileges of employment" as there are no allegations anywhere in the Third Amended Complaint of any material consequence to substantiate the alleged lack of tools and resulting inability to perform his job. *Mars*, 2014 WL 2155243, at *2; *Smith v. Mobile Shipbuilding & Repair, Inc.*, No. CV 15-00095-CG-C, 2015 WL 8668287, at *5 (S.D. Ala. Dec. 10, 2015), *aff'd,* 663 Fed. App'x 793 (11th Cir. 2016) ("being forced to work with defective tools, without more, does not rise to the level of 'adverse employment action.'")

In *Mars v. Urban Trust Bank*, the Court dismissed a complaint that alleged the employee "was forced to use different office equipment, was sent home early on slow days while male employees were able to work out their shifts, was given shifts at the bottom of the shift pool, and was forced to sit in the back of the office while male employees sat in the front." 2014 WL 2155243, at *3. The Court found that these allegations did not constitute an adverse employment action because they did not amount to a serious and material change in the terms, conditions, and privileges of employment. *Id.; see also Brown*, 287 F. Supp. 2d at 1341 (holding that unequal distribution of sales leads did not constitute an adverse employment action where

there was no evidence this altered the terms and conditions of his employment); *Melendez*, 2014 WL 6682535, at *5 (holding that failure to provide suitable changing room facilities for female employees was not an adverse employment action where it was not an alteration of the terms and conditions of her employment). Similarly, Plaintiff's allegations that he was not given access to certain equipment, even equipment that is "indispensable element of his job description," do not amount to a serious and material change in the terms and conditions of his employment. Accordingly, Plaintiff's disparate treatment claim in Count I should be dismissed for failure to allege an adverse employment action. *Melendez*, 2014 WL 6682535, at *5.

### B.   Count II - Plaintiff fails to state a claim for hostile work environment under Title VII

To properly allege hostile work environment, Plaintiff must state "(1) that he belongs to a protected group; (2) that he has been subject to unwelcome harassment; (3) that the harassment must have been based on a protected characteristic of the employee, such as national origin; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) that the employer is responsible for such environment under either a theory of vicarious or direct liability." *Thompson v. City of Miami Beach, Fla.*, 990 F. Supp. 2d 1335, 1339 (S.D. Fla. 2014) (citing *Miller v. Kentworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002)). Plaintiff's Third Amended Complaint should be dismissed because it

does not contain sufficient factual allegations to support that the alleged harassment was severe and pervasive.

The severe and pervasive requirement has both objective and subjective components. *Id.* at 1339-40. Factors to consider in determining the harassment's objective severity include the frequency and severity of the conduct, whether the conduct is physically threatening or merely an offensive statement, and whether the conduct unreasonably interferes with Plaintiff's job performance. *Id.* at 1340.

In *Reed v. Dep't of Veterans Affairs*, this Court dismissed a complaint alleging hostile work environment because the complaint failed to set forth factual allegations to show that the Defendant's conduct was sufficiently pervasive and severe. No. 1:16-cv-142-MW-GRJ, 2017 WL 4399209, at *3 (N.D. Fla. Sep. 18, 2017). The Court found that the complaint failed to provide specific information regarding who made the discriminatory comments, when they were made, how often they were made, or what was actually said. *Id.*; *Miller v. Fla. Hosp. Waterman*, No. 5:13-cv-249-Oc-10PRL, 2013 WL 5566063, at *2 (M.D. Fla. Oct. 8, 2013); *Daughterty-Davis v. Sessions*, No. 4:17cv200-RH/CAS, 2018 WL 5624725, at *6 (N.D. Fla. July 13, 2018); *Harris v. Pub. Health Tr. of Miami-Dade Cty.*, No. 1:19-cv-25298-KMM, 2020 WL 1933169, at *4 (S.D. Fla. Apr. 14, 2020).

Similarly, while Plaintiff's Third Amended Complaint has been amended to

allege that comments based on his national origin were made "daily"[3], Plaintiff still fails to provide any information regarding what was actually said, in what context it was said, or for how long this conduct persisted. Indeed, Plaintiff's allegation that alleged comments were made about his "lack of skill due to Plaintiff being Haitian" is not enough.[4] This is because Title VII "does not regulate mere offensive utterances…" *Thompson*, 990 F. Supp. 2d at 1340. Additionally, Plaintiff has also failed to allege any facts to show that the conduct was physically threatening or that the conduct unreasonably interfered with Plaintiff's job performance. Plaintiff merely makes the conclusory allegation that this conduct deprived Plaintiff of equal employment opportunities and adversely affected his status as an employee.[5] Plaintiff's conclusory allegations make it impossible for the Court or the Defendant to evaluate the conduct's objective severity and provide almost no factual information to allow the Court "to draw the reasonable inference that the defendant is liable for the conduct alleged." *Iqbal*, 556 U.S. at 678. Therefore, Plaintiff has failed to establish that Defendant's conduct consisted of "discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive working environment," *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). For these reasons, Plaintiff's claim for

---

[3] (Doc. 21) Third Amended Verified Complaint at 3.
[4] (Doc. 21) Third Amended Verified Complaint at 3.
[5] (Doc. 21) Third Amended Verified Complaint at 6.

hostile work environment should be dismissed with prejudice.

## II. Plaintiff's Third Amended Complaint should be dismissed with prejudice

Generally, a court should give a plaintiff the opportunity to amend a complaint when it seems that a more carefully drafted complaint may be successful. *Bloom v. Alvereze*, 498 F. App'x 867, 884 (11th Cir. 2012). However, "[a]fter a district court grants an opportunity to amend and identifies the pleading's deficiencies, if the plaintiff fails to submit a proper pleading, dismissal with prejudice is appropriate." *Id.*; *see also Welch v. Laney*, 57 F.3d 1004, 1009 (11th Cir. 1995) (dismissing a count with prejudice after the Plaintiff had three opportunities to amend); *Hill v. Bank of Am., Inc.*, 512 F. App'x 905, 907 (11th Cir. 2013) (dismissal with prejudice was appropriate "after three unsuccessful attempts to meet Rule 8(a)'s very low threshold").

If Plaintiff is granted another opportunity to amend his Third Amended Complaint, it will be Plaintiff's fourth attempt. All of Plaintiff's prior attempts to amend the Complaint have been in response to Defendant's Motions to Dismiss. Plaintiff's Second Amended Complaint was dismissed by this Court for failure to state a cause of action. Plaintiff's Third Amended Complaint is very similar to the previous attempts and has the same deficiencies. Plaintiff has merely added a few sentences to his allegations in an unsuccessful attempt to cure its defects. Plaintiff has now had three opportunities to amend his Complaint to successfully state a cause

of action and has failed to do so each time. Therefore, dismissal with prejudice is appropriate.

## V. Conclusion

For the foregoing reasons, Defendant requests that the Court dismiss Counts I and II of the Third Amended Complaint with prejudice.

## CERTIFICATION OF WORD COUNT

In accordance with Local Rule 7.1, I hereby certify that this document contains approximately 2304 words.

Dated this 5th day of May 2020.

>Respectfully submitted,
>
>ALEXANDER DEGANCE BARNETT P.A.
>
>By: _____
>Michelle Bedoya Barnett
>Florida Bar No. 0823201
>E-mail: michelle.barnett@adblegal.com
>Samantha Giudici Berdecia
>Florida Bar No. 0058667
>E-mail: samantha.giudici@adblegal.com
>E-mail: mailbox@adblegal.com
>1500 Riverside Avenue
>Jacksonville, FL 32204
>(904) 345-3277 Telephone
>(904) 345-3294 Facsimile
>
>*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of this filing to Jay F. Romano, Discrimination Law Center, P.A., 2255 Glades Road, Suite 324A, Boca Raton, Florida 33431 (jromanopa@yahoo.com).

_____
ATTORNEY