IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

LAURENCE COTMAN,

    Plaintiff,

v.                                                    Case No. 1:19-cv-255-AW-GRJ

UNIVERSITY OF FLORIDA BOARD
OF TRUSTEES,

    Defendant.

_____/

## ORDER GRANTING MOTION TO DISMISS

Laurence Cotman sued the University of Florida Board of Trustees, claiming Title VII violations for disparate treatment and hostile work environment. After the court dismissed for failure to state a claim, ECF No. 20, Cotman filed a Third Amended Complaint. ECF No. 21 (TAC). UF again seeks dismissal. ECF No. 22.

### I. STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility requires "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. And it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. When considering a motion to dismiss, the court accepts the facts alleged in the complaint as true and construes them in the light most

1

favorable to the plaintiff. *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1303 (11th Cir. 2008).

## II.   COUNT I – DISPARATE TREATMENT

Cotman, who is Haitian, alleges he was subject to disparate treatment based on his national origin. TAC ¶¶ 10-20. More specifically, he alleges UF denied him access to certain equipment that "[c]omparators (white) were given the opportunity to use." TAC ¶ 11. UF argues Cotman has not stated a claim because he has not alleged an adverse action. ECF No. 22 at 2-6.

"In a Title VII case, an adverse employment action is not only an element of the prima facie case, but also of the claim itself." *Holland v. Gee*, 677 F.3d 1047, 1056 (11th Cir. 2012) (citations omitted). An adverse employment action is a tangible employment action that "constitutes significant change in employment status such as hiring, firing, failing to promote, reassignment with significantly different responsibilities or a decision causing a significant change in benefits." *Webb-Edwards v. Orange Cty. Sheriff's Office*, 525 F.3d 1013, 1031 (11th Cir. 2008) (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998)). Of course, not every employer action negatively affecting an employee counts as an adverse employment action under Title VII. *Davis v. Town of Lake Park*, 245 F.3d 1232, 1238 (11th Cir. 2001), *overruled on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006). Instead, an employee must "show a *serious and*

*material* change in the terms, conditions, or privileges of employment." *Webb-Edwards*, 525 F.3d at 1031 (quoting *Davis*, 245 F.3d at 1239). And it is not enough that an employee subjectively view the action as serious; "the employment action must be materially adverse as viewed by a reasonable person in the circumstances." *Id.* (quoting *Davis*, 245 F.3d at 1239).

Cotman is a Level 4 HVAC technician. TAC ¶ 11. He alleges that he was not given access to AC unit controls, vacuum pumps, scales, and a micrometer but that four white employees were, TAC ¶ 10, and that these tools were an "indispensable element of his job description." TAC ¶ 11. He needed them to be able to "identify maintenance risks," and without them he could not fulfill customers' needs. TAC ¶ 11. But Cotman has not alleged a serious and material change in the terms, conditions, or privileges of his employment. *See Webb-Edwards*, 525 F.3d at 1031. There are no plausible allegations that his lack of tools or resulting inability to meet customers' needs caused any significant employment change like termination, failure to promote, reassignment, or a change in benefits. *See id.*; *see also, e.g.*, *Enowmbitang v. Seagate Tech., Inc.*, 148 F.3d 970, 973 (8th Cir. 1998) ("Seagate's failure to provide Enowmbitang a computer does not rise above a 'mere inconvenience' and therefore does not constitute an adverse employment action; whether Seagate wishes to give its technicians specific pieces of equipment is a business decision that is not susceptible to judicial oversight." (citation omitted));

*Markel v. Bd. of Regents of Univ. of Wis. Sys.*, 276 F.3d 906, 911 (7th Cir. 2002) (denial of "better" equipment did not amount to an actionable adverse employment action); *Aviles v. Holder*, No. 1:07-CV-1702-GET-WEJ, 2009 WL 10699603, at *9 (N.D. Ga. May 15, 2009), *report and recommendation adopted*, No. 1:07-CV-01702-GET, 2009 WL 10699751 (N.D. Ga. June 17, 2009) ("[L]ack of proper tools to complete an assignment, although inconvenient, does not rise to the level of a material adverse action."); *Moses v. Danka Enters., Inc.*, No. 2:08-CV-0201-WCO-SSC, 2010 WL 11505700, at *8 (N.D. Ga. Jan. 22, 2010), *report and recommendation adopted*, No. 2:08-CV-0201-WCO-SSC, 2010 WL 11508714 (N.D. Ga. Feb. 25, 2010) ("Even if Plaintiff found it more difficult to 'meet productivity goals' because he lacked tools, however, Plaintiff has not shown that he was subjected to any disciplinary action, loss of pay, demotion or termination as the result of his difficulty."); *Byrne v. Ala. Alcoholic Beverage Control Bd.*, 635 F. Supp. 2d 1281, 1294 (M.D. Ala. 2009) (finding removal of job tools without evidence of a tangible job consequence did not amount to an adverse employment action). He offers a conclusory allegation that UF's "unlawful employment practices" caused "a loss of wages and other employment benefits," TAC ¶ 20, but he alleges no facts connecting the equipment issues to any wage loss, and such conclusory allegations are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 681.

Cotman has not stated a disparate impact claim because he has not alleged an adverse action. UF's motion to dismiss is granted as to Count I.

### III.   COUNT II – HOSTILE WORK ENVIRONMENT

As to the claim for hostile work environment, TAC ¶¶ 21-29, Cotman must demonstrate harassing conduct that is both subjectively and objectively "severe and pervasive." *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1276 (11th Cir. 2002). UF argues that Cotman has not alleged facts to meet this standard. ECF No. 22 at 7. The relevant factors to consider include "(1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's job performance." *Miller*, 277 F.3d at 1276.

Here, Cotman alleges that UF employees Jason Stewart and Vincent Grimm made statements linking his "lack of skill" to his Haitian origin and that they regularly served up other insults based on his national origin. TAC ¶ 7. Cotman further alleges that Stewart would threaten him with termination—and that Stewart and Grimm gave him certain (unspecified) assignments—all because he was Haitian. TAC ¶ 7.

While Cotman claims he was harassed daily, he alleged no specifics about what Stewart and Grimm actually said to him. *See* TAC ¶ 7. Instead he offers ambiguous allusions to "insults," a threat to fire him, and comments about his "lack

of skill" related in some way to his national origin. *See* TAC ¶ 7. The allegations are too vague and conclusory to establish that the harassment was severe. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (marks and citations omitted)). Indeed, Cotman provided no context for any of the claimed harassment he faced. *Cf. Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 810 (11th Cir. 2010) (noting the importance of context in hostile work environment claims). Finally, Cotman has not alleged facts to support an inference that the conduct was physically threatening or humiliating, or that it unreasonably interfered with his job performance. *See Miller*, 277 F.3d at 1276; *see also, e.g.*, *Palmer v. McDonald*, 624 F. App'x 699, 704 (11th Cir. 2015) (affirming dismissal of a hostile work environment claim because the plaintiff "alleged no instances from the workplace in which race or national origin was explicitly mentioned. Nor did he provide facts showing harassment that was objectively sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatory abusive working environment"); *Daugherty-Davis v. Sessions*, No. 4:17CV200-RH/CAS, 2018 WL 5624725, at *6–7 (N.D. Fla. July 13, 2018).

Finally, Cotman argues that he has alleged a "convincing mosaic" of discrimination. ECF No. 23 at 4. But this standard relates to intentional

6

discrimination at the summary judgment stage, not a hostile work environment claim at the motion to dismiss phase. *See Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011). Here, he had to allege facts that would support such a claim. He did not. Because Cotman has not alleged a plausible hostile work environment claim, UF's motion to dismiss is granted as to Count II.

**IV.   CONCLUSION.**

The motion to dismiss (ECF No. 22) is GRANTED. The dismissal is with prejudice because Cotman has had multiple opportunities to properly plead his claims: his Complaint, ECF No. 1; his First Amended Complaint, ECF No. 5; his Second Amended Complaint, ECF No. 15; and his Third Amended Complaint, TAC. *See Welch v. Laney*, 57 F.3d 1004, 1009 (11th Cir. 1995). And the court previously advised Cotman about his claims' deficiencies. *Bloom v. Alvereze*, 498 F. App'x 867, 884 (11th Cir. 2012) ("After a district court grants an opportunity to amend and identifies the pleading's deficiencies, if the plaintiff fails to submit a proper pleading, dismissal with prejudice is appropriate."). The clerk will enter a judgment that says "The complaint is dismissed with prejudice for failure to state a claim." The clerk will then close the file.

SO ORDERED on July 6, 2020.

s/ *Allen Winsor*  
United States District Judge